IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON SAUNDERS,

     Plaintiff,                            CV F 06 1567 AWI WMW   P

    vs.                                 FINDING AND RECOMMENDATION

MATTHEW CATE, et al.,

     Defendants.

     Plaintiff is a state prisoner proceeding pro se in a civil rights action challenging the conditions of his confinement.

     Plaintiff, an inmate in the custody of the California Department of Corrections at CSP Corcoran, brings this action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12132 against defendant correctional officials employed by the California Department of Corrections. This action proceeds on the December 7, 2006, amended complaint. The amended complaint sets forth allegations of conduct on behalf of correctional officials employed at Pleasant Valley State Prison. Plaintiff is an inmate in the custody of the California Department of Corrections at CSP Corcoran. Plaintiff sets forth various state law and federal claims against individuals for conduct that occurred at Pleasant Valley State Prison in 2005 and 2006.

     The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated

or detained in a facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury." 28 U.S.C. § 1915(g).

This plaintiff has, on 3 prior occasions, brought civil actions challenging the conditions of his confinement. All three action were dismissed as frivolous, or for failure to state a claim upon which relief can be granted. Saunders v. Block, 96-CV-8159 (WMB) (Central District of California); Saunders v. Wineski, CV S 94 1321 DFL JFM P; Saunders v Gomez CV S 94 1469 EJG GGH P. Plaintiff is therefore not entitled to proceed in forma pauperis unless he alleges facts indicating that he is in imminent danger of serious physical injury. There are no such facts alleged in this case.

Accordingly, the court ordered Plaintiff to show cause why his request to proceed in forma pauperis should not be denied pursuant to 28 U.S.C. § 1915(g). On March 14, 2007, Plaintiff filed a response to the order to show cause. In his response, Plaintiff indicates that he is unable to obtain copies of the documents referred to in the order to show cause. Plaintiff contends that the cases referred to by the court were dismissed for failure to keep his address current, and not on the merits. The three cases referred to in the order to show cause were also the basis for a denial of in forma pauperis status pursuant to 28 U.S.C. § 1915(g) in case number CV F 03 5735 REC HGB P. Judgment in that case was entered on October 22, 2004. The court may take judicial notice of court records in another case. Fed.R.Evid. 201; see United States v. Wilson, 631 F.2d 118, 119 (9th Cir.1980) (stating that a court may take judicial notice of court records in another case).

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed in forma pauperis be denied pursuant to 28 U.S.C. § 1915(g), and Plaintiff be directed to submit the filing in full.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.   The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 30, 2009**              /s/  **William M. Wunderlich**
                                           UNITED STATES MAGISTRATE JUDGE