# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SAUNDERS, | CASE NO. 1:06-cv-01567-AWI-YNP PC |
| Plaintiff, | ORDER RE MOTIONS |
| v. | (Doc. 22, 24, 25) |
| MATTHEW L. CATE, et al., | |
| Defendants. | |

Plaintiff Jason Saunders ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

### A.  Motion for Suspension of Proceedings

On July 1, 2009, Plaintiff filed a motion requesting the suspension of all proceedings. (Doc. #22.) Plaintiff claims that he was placed in administrative segregation on June 14, 2009. Plaintiff alleges that he notified prison officials about the "imminent deadlines in this case" and "the continuing need to prosecute with diligence." Plaintiff further complains that he has "relentlessly sought access to his legal papers and files relative to this case" but prison officials "openly displayed contempt for the prosecution of this action." Plaintiff's allegations are vague and Plaintiff does not identify any specific deadlines he is trying to meet or any specific actions that prison officials took to interfere with Plaintiff's attempts to litigate this case, other than citing angry responses Plaintiff received from prison officials when Plaintiff made various requests for access to his legal materials.

The Court notes that the only deadline that Plaintiff is facing in this case was the deadline to pay his $350.00 filing fee. Plaintiff's in forma pauperis application was denied, and Plaintiff was

1 ordered on March 17, 2009 to pay the filing fee within 30 days of the date of service of that order.
2 The Court has not received Plaintiff's filing fee. The Court will construe Plaintiff's pending motion
3 as a motion for an extension of time and grant Plaintiff an additional 30 days from the date of service
4 of this order to pay the $350.00 filing fee. Plaintiff is advised that he must demonstrate good cause
5 for any future request for an extension of time. Merely alleging that prison officials cursed at
6 Plaintiff is not sufficient to demonstrate good cause for an extension of time. Similarly, vague
7 allegations about being denied access to legal papers and files does not sufficiently demonstrate good
8 cause as to why Plaintiff is unable to pay his filing fee on time.

Plaintiff also asks the court to order prison officials to show cause as to why they refuse to accommodate Plaintiff with access to the Court or his legal papers. The Court will decline to order prison officials to show cause. To the extent that Plaintiff seeks other relief beyond an extension of time, Plaintiff is advised to file a separate motion that sets forth the legal authority that provides for that relief.

### B. Motion for Consolidation

On December 24, 2009, Plaintiff filed a motion requesting that this action be consolidated with another action, Gonzales v. Cate, No. 1:06-cv-01420-AWI-YNP (E.D. Cal. filed October 13, 2006). This action and Gonzales were originally brought together in a single action. On November 6, 2006, the Court severed the claims, noting the difficulties that arise when two incarcerated, pro se Plaintiff's attempt to coordinate a single lawsuit together. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released on parole, and the difficulties faced by inmates who attempt to communicate with each other and other unincarcerated individuals. Further delay arises from the fact that both plaintiffs would have to agree on all filings made in the consolidated action and the need for the filings to contain original signatures of both plaintiffs.

Courts are given broad discretion regarding the severance of claims. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000). Plaintiff argues that this action and Gonzales should be consolidated because Plaintiff and Gonzales have "obtained authority to correspond[]" and thus the basis for severance "have and will remain remedied throughout the litigation." Plaintiff's

arguments are unpersuasive. Merely having the theoretical ability to "correspond" with one another does not sufficiently address the concerns underlying severance of these claims. Plaintiff and Gonzales both remain incarcerated, and are both subject to unpredictable transfers and changes in housing status. Plaintiff's July 1, 2009 motion alleged that he was placed in administrative segregation, which no doubt would have impacted his ability to quickly and effectively correspond with a co-plaintiff. Further, Plaintiff only provides vague and unpersuasive details about his "authority" to correspond with Gonzales. There is no indication that his ability to correspond with Gonzales is efficient, effective, or reliable. Plaintiff's motion to consolidate will be denied.[1]

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion, filed on July 1, 2009, is construed as a motion for extension of time and is GRANTED.

2. Plaintiff is directed to submit, within thirty days of the date of service of this order, the $350.00 filing fee for this action in full. Plaintiff's failure to do so will result in dismissal of this action pursuant to Local Rule 11-110 for failure to obey a court order. Any future request for an extension of time must be accompanied by a demonstration of good cause.

3. Plaintiff's motion to consolidate, filed on December 24, 2009, is DENIED.

IT IS SO ORDERED.

Dated: **February 24, 2010**　　　　　　　　**/s/ Gary S. Austin**
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[1] Further, the Court is not oblivious to the fact that Gonzales was granted in forma pauperis status and Plaintiff was not. The Court will not consolidate the two cases merely because Plaintiff is unable to pay the filing fee.