# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SAUNDERS, | 1:06-cv-01567-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION TO VACATE THE DISMISSAL OF THIS ACTION BE DENIED |
| vs. | |
| MATTHEW CATE, et al., | (Doc. 30.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

## I. RELEVANT PROCEDURAL HISTORY

Jason Saunders ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 13, 2006. (Doc. 2.) On October 27, 2006 and February 1, 2007, Plaintiff submitted applications to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Docs. 3, 8.)

On February 2, 2009, the court entered Findings and Recommendations, recommending that Plaintiff's applications to proceed in forma pauperis be denied and Plaintiff be required to pay the $350.00 filing fee in full for this action, pursuant to 28 U.S.C. § 1915(g). (Doc. 15.) Plaintiff was granted thirty days in which to file objections. (Id.) The thirty-day deadline passed, and Plaintiff did not file objections or otherwise respond to the Findings and Recommendations. (Court Docket.) On March 17, 2009, the Court issued an order adopting the Findings and Recommendations, and

Plaintiff was ordered to pay the filing fee in full within thirty days, or the case would be dismissed. (Doc. 16.)

On March 19, 2009, Plaintiff filed a motion for an extension of time to file objections. (Doc. 17.) On March 23, 2009, the court issued an order granting Plaintiff thirty days in which to file objections. (Doc. 18.) On March 31, 2009, Plaintiff filed objections. (Doc. 19.)

On February 25, 2010, Plaintiff was granted an extension of time to pay the filing fee; however, Plaintiff did not pay the filing fee before the deadline expired. (Doc. 26.) On April 6, 2010, the case was dismissed for failure to prosecute, based on Plaintiff's failure to pay the filing fee. (Doc. 28.)

On April 23, 2010, Plaintiff filed a motion for reconsideration of the dismissal, on the ground that the Court did not consider his objections to the Findings and Recommendations of February 2, 2009. (Doc. 30.) On March 25, 2011, the Court granted Plaintiff's motion for reconsideration in part and referred the matter to the undersigned to consider Plaintiff's objections and, if necessary, submit supplemental findings and recommendations. (Doc. 32.)

**II.    DISCUSSION**

28 U.S.C. § 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In the Findings and Recommendations entered on February 2, 2009, the court found that Plaintiff, a state prisoner proceeding pro se in this civil rights action, had brought three prior actions that were dismissed on the ground that they were frivolous or failed to state a claim upon which relief may be granted. (Doc. 15.) The court also found that Plaintiff did not allege facts that he was under imminent danger of serious injury at the time the Complaint was filed. Id. Based on these findings, the court recommended that pursuant to 28 U.S.C. § 1915(g), Plaintiff's applications to proceed in forma pauperis should be denied, and Plaintiff should be directed to pay the $350.00

filing fee in full for this action.

In his objections filed on March 31, 2009, Plaintiff objected to the Findings and Recommendations on the ground that he was in imminent danger of serious physical injury at the time he filed the Complaint. Plaintiff argued that he alleged sufficient facts in the Second Amended Complaint ("SAC") demonstrating that he was in imminent danger. Plaintiff claimed that he alleged in the SAC that he was suffering from a chronic disease in the form of a bodily infection that has inflicted death in numerous previous cases, and that defendants at Pleasant Valley State Prison did provide adequate medical treatment.

Plaintiff's arguments are without merit. First, the allegations in the SAC are irrelevant, because Plaintiff has not filed a SAC. On April 12, 2007, Plaintiff filed a motion to file a SAC, but on August 2, 2007, the court denied the motion. (Docs. 10, 11.) On August 8, 2007, Plaintiff filed a motion for the court to review his proposed SAC, but on March 27, 2008, the court denied the motion. (Docs. 13, 14.) Plaintiff's SAC was never filed. Therefore, this case proceeds on Plaintiff's First Amended Complaint, filed on December 7, 2006. (Doc. 5.)

Second, neither Plaintiff's original Complaint ("Complaint") nor his First Amended Complaint ("FAC") alleged facts demonstrating Plaintiff was under imminent danger of serious injury at the time the Complaint was filed. In determining whether a plaintiff qualifies for the "imminent danger" exception, the court look to the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). The issue under § 1915(g) is "whether the complaint, as a whole, alleges imminent danger of serious physical injury." Id. The Court reviewed Plaintiff's Complaint and FAC before issuing the Findings and Recommendations. Now, in consideration of Plaintiff's objections, the Court has conducted another review of Plaintiff's Complaint and FAC and finds only vague and conclusory language complaining about serious medical and dental needs and the duty of defendants to diagnose and implement treatment. Plaintiff did not make any plausible allegation that he faced "imminent danger of serious physical injury" at the time of filing. Id. at 1055.

### III. CONCLUSION AND RECOMMENDATION

Based on the foregoing, upon consideration of Plaintiff's objections as discussed above, the undersigned finds it unnecessary to supplement the Findings and Recommendations entered on

1 March 31, 2009.  Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion to
2 vacate the dismissal of this action be DENIED.
3      These findings and recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days
5 after being served with these findings and recommendations, the parties may file written objections
6 with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings
7 and Recommendations."  Replies to the objections shall be served and filed within ten (10) <u>court</u>
8 days (plus three days if served by mail) after service of the objections.  The parties are advised that
9 failure to file objections within the specified time may waive the right to appeal the District Court's
10 order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

12      IT IS SO ORDERED.
13      Dated:   **August 24, 2011**              /s/ **Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE