IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SAUNDERS, | 1:06-cv-01567-AWI-GSA-PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. 33.) |
| vs. | |
| MATTHEW CATE, et al., | ORDER DENYING PLAINTIFF'S MOTION TO VACATE THE DISMISSAL OF THIS ACTION (Doc. 30.) |
| Defendants. | ORDER DENYING ALL OTHER PENDING MOTIONS AS MOOT |

Jason Saunders ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 24, 2011, findings and recommendations were entered, recommending that Plaintiff's motion to vacate the dismissal of this action, filed on April 23, 2010, be denied. (Doc. 33.) On October 12, 2011, Plaintiff filed objections to the findings and recommendations. (Doc. 38.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file,

1

including Plaintiff's objections, the Court finds the findings and recommendations to be supported by the record and proper analysis.  As explained in full detail in prior orders, 28 U.S.C. § 1915(g) provides that a prisoner with three strikes cannot bring a civil action and proceed *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff's complaint was ultimately dismissed because Plaintiff was found to be three strikes and did not pay the filing fee.  Plaintiff complains that he should have been given the oppertunity to file an Second Amended Complaint that would have alleged would have alleged facts falling within the "imminent danger" exception.   The imminent danger exception only applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" ***at the time of filing***.  Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007); Ransom v. Johnson, 2010 WL 4137180, at *2 (E.D.Cal. 2010).   Thus, what Plaintiff might have been able to allege if given further leave to amend is not relevant to the court's finding that Plaintiff had three strikes and his allegations did not fall within the imminent danger exception.

          Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on August 24, 2011, are adopted in full;
2. Plaintiff's motion to vacate the dismissal of this action, filed on April 23, 2010, is DENIED; and
3. All other motions pending in this action are denied as moot.

IT IS SO ORDERED.

Dated:   December 23, 2011

                                                                      CHIEF UNITED STATES DISTRICT JUDGE