# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SAUNDERS, | 1:06-cv-01567-AWI-GSA-PC |
| Plaintiff, | <u>SCREENING ORDER</u> |
| v. | ORDER DISMISSING SECOND AMENDED COMPLAINT FOR VIOLATION OF RULES 8(a) AND 18(a), WITH LEAVE TO AMEND (Doc. 51.) |
| MATTHEW CATE, et al., | |
| Defendants. | ORDER FOR CLERK TO SEND PLAINTIFF A CIVIL RIGHTS COMPLAINT FORM |
| | THIRTY DAY DEADLINE TO FILE THIRD AMENDED COMPLAINT NOT EXCEEDING TWENTY-FIVE PAGES |

**I.     RELEVANT PROCEDURAL HISTORY**

Jason Saunders ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 13, 2006. (Doc. 1.) On December 7, 2006, Plaintiff filed the First Amended Complaint. (Doc. 5.) On April 12, 2007, Plaintiff filed a motion to amend the complaint together with a proposed Second Amended Complaint. (Doc. 10.) On August 2, 2007, the Court denied the motion to amend. (Doc. 11.)

On March 17, 2009, the Court denied Plaintiff's application to proceed in forma pauperis and ordered Plaintiff to pay the filing fee in full within thirty days. (Doc. 16.) Plaintiff failed to pay the filing fee, and on April 6, 2010, the case was dismissed and judgment was entered. (Docs. 28, 29.)

1 On January 3, 2012, Plaintiff appealed the judgment to the Court of Appeals for the Ninth
2 Circuit. (Doc. 40.) On February 14, 2013, the Ninth Circuit found that the district court improperly
3 denied Plaintiff's request to proceed in forma pauperis and erred in denying Plaintiff leave to file his
4 proposed amended complaint. (Doc. 46.) The district court's judgment was vacated, and the case
5 was remanded to the district court. Id. On February 15, 2013, the case was reopened at the district
6 court. (Doc. 47.) On March 11, 2013, the Ninth Circuit issued its formal mandate. (Doc. 48.)

7 On March 18, 2013, the Court granted Plaintiff leave to proceed in forma pauperis and filed
8 Plaintiff's proposed Second Amended Complaint, which is now before the Court for screening.
9 (Docs. 50, 51.)

10 **II.    SCREENING REQUIREMENT**

11 The court is required to screen complaints brought by prisoners seeking relief against a
12 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
13 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
14 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
15 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).
16 "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
17 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
18 claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

19 **III.   PLAINTIFF'S SECOND AMENDED COMPLAINT**

20 Plaintiff is presently incarcerated at the R. J. Donovan Correctional Facility in San Diego,
21 California. The events at issue in the Second Amended Complaint occurred at Pleasant Valley State
22 Prison in Coalinga, California, and the California Substance Abuse Treatment Facility in Corcoran,
23 California, when Plaintiff was incarcerated at those facilities. Plaintiff names more than forty-nine
24 defendants for violation of his rights under the First, Eighth, and Fourteenth Amendments, denial
25 of due process and equal protection, conspiracy, and related state claims.

26     **A.    Rule 8(a)**

27 Under federal notice pleading, a complaint is only required to contain "a short and plain
28 statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

Plaintiff's Second Amended Complaint consists of sixty-five pages of allegations and claims set forth in one-hundred-seventy-six enumerated paragraphs. Thus, the Second Amended Complaint fails to comport with Rule 8(a)'s instruction that the complaint is only required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's lengthy narrative does not succinctly allege facts against the named defendants. Plaintiff shall be granted leave to file a Third Amended Complaint that complies with Rule 8(a). Twenty-five pages is more than sufficient for Plaintiff to identify his claims and set forth specific facts in support of those claims. Accordingly, the Third Amended Complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation.

**B.     Rule 18(a) - Unrelated Claims**

Plaintiff alleges multiple claims in the Second Amended Complaint that are largely unrelated. Plaintiff may not proceed in one action on a myriad of unrelated claims against different staff members. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required

3

1 filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff pursues unrelated claims in his Third Amended Complaint, the Court shall decide for him which related claims shall be permitted to proceed.

### III. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

### A.   Excessive Force Claim - Eighth Amendment

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth

4

Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

**B.      Adverse Conditions of Confinement - Eighth Amendment**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson, 503 U.S. at 9 (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Id. at 731.

///

### C. Medical Claim - Eighth Amendment

"[T]o maintain an Eighth Amendment claim based on prison medical [or dental] treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

///

**D.      Conspiracy**

In the context of conspiracy claims brought pursuant to section 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

A conspiracy claim requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

**E.      Due Process Violations - Fourteenth Amendment**

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a protected interest. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. With respect

7

to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994). "Some evidence" must support the decision of the hearing officer. Superintendent v. Hill, 472 U.S. 445, 455 (1985). The standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached . . . ." Id. at 455-56 (emphasis added).

  **F.**  **Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA")**

  "Title II of the ADA and § 504 of the RA both prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Section 504 of the RA provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794. Title II of the ADA and the RA apply to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).

  "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052. "To

8

establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." Id.

"'Title II of the ADA prohibits discrimination in programs of a public entity or discrimination by any such entity.'" Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (quoting Thomas v. Nakatani, 128 F.Supp.2d 684, 691 (D. Haw. 2000)). "The ADA defines 'public entity' in relevant part as 'any State or local government' or 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'" Roundtree, 2005 WL 3284405, at *8 (citing 42 U.S.C. § 12131(1)(A)-(B)). Public entity, "'as it is defined within the statute, does not include individuals.'" Id. (quoting Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999)).

The treatment, or lack of treatment, concerning Plaintiff's medical condition does not provide a basis upon which to impose liability under the RA or the ADA. Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical treatment decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

**G.  Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (quotation marks omitted); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th

9

Cir. 2003). The mere threat of harm can be sufficiently adverse to support a retaliation claim. Brodheim, 584 F.3d at 1270. The Court must "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995) (quoting Sandin, 515 U.S. at 482). The burden is on plaintiff to demonstrate "that there were no legitimate correctional purposes motivating the actions he complains of." Pratt, 65 F.3d at 808.

### H.  Failure to Protect - Eighth Amendment

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer, at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health ... .'" Farmer, 511 U.S. at 843 (*citing* Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer, 511 U.S. at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

### I.  Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur

v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071,1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

### J.  Denial of Access to Courts

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). The right of access to the courts is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. To bring a claim, the plaintiff must have suffered an actual injury by being shut out of court. Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179, 2185-87 (2002); Lewis at 351; Phillips, 588 F.3d at 655.

### K.  First Amendment Violations

"[A] prison inmate retains those First Amendment rights that are not inconsistent with his [or her] status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974); Clement v. Cal. Dep't of Corr., 364 F.3d 1148, 1151 (9th Cir. 2004); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). A regulation that impinges on First Amendment rights "is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987); see also Beard v. Banks, 548 U.S. 521, 526 (2006). Courts should accord prison officials great deference when analyzing the constitutional validity of prison regulations. See Id. at 528-30; Overton v. Bazzetta, 539 U.S. 126, 132 (2003).

In determining whether a prison regulation is reasonably related to a legitimate penological interest, the court should consider the following factors: (1) whether there is a valid, rational

connection between the regulation and the interest used to justify the regulation; (2) whether prisoners retain alternative means of exercising the right at issue; (3) the impact the requested accommodation will have on inmates, prison staff, and prison resources generally; and (4) whether the prisoner has identified easy alternatives to the regulation which could be implemented at a minimal cost to legitimate penological interests. See Beard, 548 U.S. at 529; Overton, 539 U.S. at 132; Turner, 482 U.S. at 132, Bahrampour v. Lampert, 356 F.3d 969, 975-76 (9th Cir. 2004).

### L.     Appeals Process

Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983. Buckley, 997 F.2d at 495.

### M.     Verbal Harassment and Threats

Mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

### N.     Personal Property Violations

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194

1  (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982));

2  Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of

3  property by a state employee does not constitute a violation of the procedural requirements of the

4  Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the

5  loss is available," Hudson, 468 U.S. at 533.

6        California Law provides an adequate post-deprivation remedy for any property deprivations.

7  See Cal. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

8  California's Tort Claims Act requires that a tort claim against a public entity or its employees be

9  presented to the California Victim Compensation and Government Claims Board, formerly known

10 as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't

11 Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and

12 action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings

13 County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold

14 v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against

15 a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior

16 Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-

17 Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1088).

18     **O.**    **State Law Claims**

19       Violation of state tort law, state regulations, rules and policies of the CDCR, or other state

20 law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there

21 must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693

22 (1976). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff

23 must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

24 **IV.**    **CONCLUSION AND ORDER**

25       The Court finds that Plaintiff's Second Amended Complaint violates Rules 8(a) and 18(a)

26 and must be dismissed. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend

27 'shall be freely given when justice so requires.'" The court will provide Plaintiff with time to file

28 an amended complaint curing the deficiencies identified above. Plaintiff is granted leave to file a

1  Third Amended Complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir.
2  1987).

3  　　　The Third Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
4  named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.
5  Iqbal, 556 U.S. at 676-77; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no
6  *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal,
7  556 U.S. at 676-77. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is
8  plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff must also
9  demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297
10 F.3d at 934 (emphasis added).

11 　　　As discussed above, twenty-five pages is more than sufficient for Plaintiff to identify his
12 claims and set forth specific facts in support of those claims. Accordingly, Plaintiff's Third
13 Amended Complaint may not exceed twenty-five pages in length, and it will be stricken from the
14 record if it violates this page limitation.

15 　　　Plaintiff should note that although he has been given the opportunity to amend, it is not for
16 the purposes of adding new defendants for unrelated claims arising before October 13, 2006. In
17 addition, Plaintiff should take care to include only those claims that were administratively exhausted
18 before October 13, 2006.

19 　　　Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be
20 complete in itself without reference to any prior pleading. As a general rule, an amended complaint
21 supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an
22 amended complaint is filed, the original complaint no longer serves any function in the case.
23 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement
24 of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly
25 titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed
26 under penalty of perjury.

27 ///
28 ///

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Second Amended Complaint, filed on March 18, 2013, is dismissed for violation of Rules 8(a) and 18(a), with leave to amend;

2. The Clerk shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified in this order;

4. Plaintiff shall caption the amended complaint "Third Amended Complaint" and refer to the case number 1:06-cv-01567-AWI-GSA-PC;

5. The Third Amended Complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation; and

6. If Plaintiff fails to comply with this order, this action may be dismissed.

IT IS SO ORDERED.

Dated:   **March 22, 2013**              /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE