UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SAUNDERS, | 1:06-cv-01567-AWI-GSA-PC |
| Plaintiff, | ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS (Doc. 71.) |
| vs. | |
| MATTHEW L. CATE, et al., | |
| Defendants. | |

Jason Saunders ("Plaintiff") is a former state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 8, 2013, the Magistrate Judge screened Plaintiff's Third Amended Complaint ("TAC").  The Magistrate Judge found that excessive force claims against several defendants were cognizable, but that other claims were not.  See Doc. No. 56.  The Magistrate Judge ordered Plaintiff to either file a Fourth Amended Complaint or inform the Court of his willingness to proceed on those claims that were found to be cognizable within 30 days.  See id.  Any amended complaint was to be limited to no more than 25 pages.  See id.

Plaintiff has indicated that he wishes to file a Fourth Amended Complaint, and he has been granted numerous extensions of time to file a Fourth Amended Complaint.   On December

3, 2013, Plaintiff was granted a 45 day extension due lack of sufficient law library access and a need to obtain administrative records. See Doc. Nos. 57, 58. On February 6, 2014, Plaintiff was granted a 60 day extension due complications from the affliction of valley fever and lack of adequate treatment, as well as limited law library access. See Doc. Nos. 59, 60. On April 24, 2014, the Plaintiff was granted a 45 day extension due to continued complications from valley fever and lack of access to legal materials. See Doc. Nos. 61, 62. On August 8, 2014, and following objections from Plaintiff, the Magistrate Judge vacated a findings and recommendation that had recommended dismissing the case due to the failure to obey a court order. See Doc. Nos. 63, 66. The Magistrate Judge also granted Plaintiff an additional 30 days in which to comply with the October 8 screening order. See Doc. No. 66. On September 18, 2014, the Magistrate Judge granted Plaintiff an additional 30 days in which to file an amended complaint. See Doc. No. 68. Plaintiff had requested additional time because he had been released from prison and his medical and psychiatric problems had not stabilized until recently because he was able to secure medications, and he needed time to obtain the order and complaint so that he could amend (a process which he represented had begun). See Doc. No. 67. Plaintiff stated that this would be his final extension. See id. On October 30, 2014, the Magistrate Judge granted Plaintiff an additional 30 days in which to file an amended complaint. See Doc. No. 68. Plaintiff had sought a 45 day extension for the same reasons as he had articulated in his previous request for additional time. See Doc. Nos. 67, 69. Like his previous motion for an extension, he assured the Court that this would be the last request for an extension. See id. In fact, Plaintiff's October 24, 2014 motion for an extension of time is identical to his September 10, 2014 motion, except that he asked for 45 days instead of 30 days in the last paragraph of the October motion. Cf. Doc. No. 67 with Doc. No. 69. The Magistrate Judge granted Plaintiff an additional 30 days in which to file an amended complaint. See Doc. No. 70. Plaintiff did not file a Fourth Amended Complaint in the time allotted.

    On December 12, 2014, a Findings and Recommendations ("F&R") was entered, recommending that this action be dismissed for Plaintiff's failure to comply with a court order. (Doc. 71.)

      On December 15, 2014, Plaintiff requested yet another extension of time.  <u>See</u> Doc. No. 72.  That request is very short, and merely asks for an extension based on the same circumstances that he had previously described in his October 2014 motion.  <u>See</u> <u>id.</u>

      On December 19, 2014, the Magistrate Judge denied Plaintiff's motion for an extension of time as unsupported and contrary to his prior representations that no further extensions of time would be requested.  <u>See</u> Doc. No. 73.

      On January 5, 2015, Plaintiff filed objections to the F&R.  <u>See</u> Doc. No. 74.

      In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case.

      To the extent that Plaintiff complains about the failure to grant another extension of time, the Court agrees with the Magistrate Judge's determination that insufficient cause has been demonstrated.  Plaintiff has had more than a year to respond to the Magistrate Judge's analysis of the TAC, and has yet to do so.   That is an extraordinary amount of time.  Plaintiff did not indicate that he has prepared a Fourth Amended Complaint, but instead requests an additional 45 days in which to file a Fourth Amended Complaint because of psychiatric issues and having developed valley fever.  The valley fever issues are not new.  Plaintiff has informed the Court of these issues on several occasions, and on the last two occasions the Court was assured by Plaintiff that no further requests for time would be made.  Despite the various obstacles encountered by Plaintiff, including valley fever complications, relocating out of prison, and limited access to a prison law library, Plaintiff has been able to submit four complaints (an initial complaint and three amended complaints), make numerous requests for extensions of time, and make objections to findings and recommendations.  Moreover, Plaintiff has had well over a year to file a Fourth Amended Complaint, which is an extraordinary amount of time.  Plaintiff's objections and most recent request for an extension of time are unsworn and provide little detail.  Reliance on an unsworn and vague allegation of a severe medical issue is insufficient given the history of this case and the significant time that has elapsed.  The Court will not grant further time to file a Fourth Amended Complaint.

However, while the Court will not grant additional time to file a Fourth Amended Complaint, the Court respectfully declines to dismiss the case at this time.  The TAC was found to state cognizable claims against certain defendants for excessive force.  Because Plaintiff has alleged cognizable claims in the TAC, the Court will require Plaintiff to state his willingness to proceed on those claims.  If Plaintiff wishes to proceed, then the case will proceed on the cognizable excessive force claims only.  If Plaintiff does not wish to proceed, then the TAC will be dismissed and this case will close.  If Plaintiff does not timely state whether he wishes to proceed with the cognizable excessive force claims in the TAC, the Court will close this case for failure to prosecute (as recommended by the F&R) without further notice.

Accordingly, THE COURT HEREBY ORDERS that:

1. The Court respectfully DECLINES to adopt the F&R issued on December 12, 2014 (Doc. No. 71);
2. Plaintiff shall inform the Court whether he wishes to proceed on the claims found cognizable in the Third Amended Complaint on or by July 6, 2015;[1] and
3. The failure of Plaintiff to timely respond to this order will result in the dismissal of this case without further notice for failure to obey a court order.

IT IS SO ORDERED.

Dated:  June 23, 2015

SENIOR DISTRICT JUDGE

---

[1] Because Plaintiff is no longer a prisoner, he does not have the benefit of the "mail box rule."  A notice from Plaintiff that is post-marked on or before July 6, 2015 will not be sufficient.  Plaintiff's notice must be in the physical possession of the Clerk's office on or by July 6, 2015.