UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SAUNDERS,<br><br>                Plaintiff,<br><br>        vs.<br><br>MATTHEW L. CATE, et al.,<br><br>                Defendants. | 1:06-cv-01567-AWI-GSA-PC<br><br>ORDER DISMISSING MATTER FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE |

     Jason Saunders ("Plaintiff") is a former state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

     On June 23, 2015, the Court declined to adopt a Findings and Recommendation ("F&R") that recommended dismissing this matter for failure to prosecute.  See Doc. No. 75.  The Court agreed with the F&R that, given the inordinate number of extensions of time to file an amended complaint, additional time to file an amended complaint was not warranted.  See id.  However, because viable claims had been found in the Third Amended Complaint, the Court declined to dismiss the action.  Instead, the Court ordered Plaintiff to notify the Court whether he wished to proceed on the claims that were found cognizable in the Third Amended Complaint.  See id.  The Court gave Plaintiff a deadline of July 6, 2015 to respond.  See id.

The Court warned Plaintiff that if he did not respond, the Court would dismiss this case for failure to obey a court order without further notice.  See id.

On July 6, 2015, the Court received its June 23 order back, with an indication from the post office that the order was "undeliverable" because "attempted not known."

It is past the July 6 deadline, and the Court has received no response of any kind from Plaintiff.  Given the age of this case, the numerous extensions of time that Plaintiff has received to either file an amended complaint or state that he wishes to proceed on the previously determined cognizable claims, and the failure to respond to the latest order, the Court can only conclude that the Plaintiff no longer wishes to prosecute this case.  The Court will dismiss this matter for failure to obey a court order and for failure to prosecute.  See Pagtalunan v. Garza, 291 F.3d 639, 642 (9th Cir. 2002).

## ORDER

Accordingly, THE COURT HEREBY ORDERS that:

1. This case is DISMISSED for failure to obey a court order and failure to prosecute; and
2. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   July 9, 2015                            _____
                                                 SENIOR  DISTRICT  JUDGE